# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HERBERT GERARD JONES,        )
                                      )
               **Plaintiff,**        )
                                      )     **CIVIL ACTION**
**v.**                                  )
                                      )     **No. 14-1311-JWL**
CAROLYN W. COLVIN,         )
**Acting Commissioner of Social Security,**   )
                                      )
              **Defendant.**      )
_____ )

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff's pro se[1] "Motion to Alter or Amend Judgment and/or to Amend or Make Additional Findings and/or to Set Aside Finding(s) and for New Trial," made pursuant to Rules 59, 52(b), 52(a)(6), and 59(b) of the Federal Rules of Civil Procedure.  (Doc. 19, p.1) (hereinafter Pl. Mot.).  The motion was filed on August 19, 2015, twenty-eight days after the court filed the judgment which the motion seeks to set aside or amend.  Compare (Doc. 19) (filed August 19, 2015) with (Doc. 18) (filed July 22, 2015).  The Commissioner has responded in opposition to the motion, and argues that the motion should be denied.  (Doc. 25) (hereinafter Comm'r

---

[1]The court construes Plaintiff's pleadings and briefs liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun. Corp., 565 F.3d 1252, 1254 (10th Cir. 2009).  But, the court will not assume the role of advocate for him.  Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Response).  Plaintiff filed his reply on September 18, 2015 (Doc. 26) (hereinafter Reply), and the motion is ripe for decision.  The court has reviewed the parties' arguments, the pleadings, the administrative record, the court's order upon which judgment was entered, and the applicable law, and determines that Plaintiff's motion shall be denied.

The court construes Plaintiff's motion as a motion to alter or amend a judgment pursuant to Rule 59(e), and will address it in accordance with the law applicable to that rule.  As the Commissioner points out, Rule 52 applies to procedures to be taken after a bench trial--regarding the court's duty to state its findings of fact and conclusions of law, procedures to amend or to make additional findings, and procedures to issue judgment on partial findings.  Fed. R. Civ. P. 52 (practice commentary).  This case involves judicial review of a decision of the Commissioner of Social Security pursuant to the statutory authority of 42 U.S.C. § 405(g).  That statute provides for judicial review of the administrative record before the Commissioner pursuant to particular standards.  The statute limits the court's findings of fact and conclusions of law to a determination of whether substantial evidence supports the Commissioner's findings of fact, whether there is new evidence requiring a remand for further consideration, and whether the Commissioner applied the correct legal standards.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  But, that statute does not provide for a bench trial.

"Rule 59 provides the mechanism by which a court can (1) set aside a verdict and order a new trial; or (2) reconsider a prior entry of judgment."  Fed. R. Civ. P. 59

2

(practice commentary - overview).  Sections (a) through (d) concern procedures to set aside a verdict and order a new trial, and section (e) provides for a motion to alter or amend a judgment.  Because there was no trial, and hence no verdict in this case, Rule 59, sections (a) through (d) are not applicable here.  Judgment, however, was entered in this case on July 22, 2015 on the court's Memorandum and Order, affirming the Commissioner's decision below.  (Docs. 17, 18).  Therefore, the court proceeds in accordance with Rule 59(e).

Because Plaintiff is subject to an adverse judgment of this court, he may file a motion to alter or amend that judgment pursuant to Fed. R. Civ. P. 59(e).  VanSkiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).  The motion must be filed within twenty-eight days after the judgment is entered.  See Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration under Rule 59(e) are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).  A motion for reconsideration is inappropriate to re-argue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts that were available at the time of the original application.  Paraclete, 204 F.3d at 1012 (motion to reconsider is not a proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing").  However, a motion to alter or amend that reiterates issues originally raised in the

3

application and that seeks to challenge the legal correctness of the court's judgment by arguing that the court misapplied the law or misunderstood the litigant's position is correctly asserted pursuant to Fed. R. Civ. P. 59(e).  See Van Skiver, 952 F.2d at 1244.

In this case, Plaintiff met the time limitation under Rule 59 by filing his motion within twenty-eight days from the entry of judgment.  However, Plaintiff provides no newly promulgated authority, no new evidence, and no clear error or manifest injustice that warrants reconsideration of the July 22, 2015 Judgment or Memorandum and Order.

Much of Plaintiff's argument in his motion to amend rests upon an appeal to the third-party function report completed by his spouse, and included in the administrative record at exhibit 4E.  (Pl. Mot. 1-6, passim) (citing R. 189-96).  As Plaintiff's citation reveals, his wife's report was included in the administrative record which was considered by the court in its review of the Commissioner's decision, but the Commissioner's decision accorded only "little weight" to that third party report.  (R. 18).  Before filing his motion to amend judgment, Plaintiff did not argue that the administrative law judge (ALJ) erred in that determination.  But, the Commissioner asserts that Plaintiff earlier "asked the Court [sic] to find that the ALJ erred in . . . considering a lay witness statement from Plaintiff's wife."  (Comm'r Response 1).  The court does not agree with the Commissioner's understanding.

In his Social Security brief (Doc. 10) (hereinafter Pl. SS Brief), the only mention of Plaintiff's wife's report was in the very last sentence of Plaintiff's argument regarding the credibility analysis.  He argued that the analysis was erroneous because the ALJ

improperly disregarded Plaintiff's statement of his limitations and did not seek additional medical evidence relating to Plaintiff's pacemaker restrictions.  Plaintiff's entire argument regarding his wife's function report was that Plaintiff's allegation of restrictions and the pacemaker restrictions assigned by Dr. Wolfe in 1997 "are also consistent with Mr. Jones' wife's statements."  (Pl. SS. Br. 10).  While this sentence certainly implies that Plaintiff disagrees with the ALJ's determination to accord "little weight" to his wife's statement, it is by no means an argument that the ALJ's weighing of his wife's report was erroneous.  Plaintiff's wife's statements were presented in Plaintiff's Social Security Brief as additional support for Plaintiff's allegations and for Dr. Wolfe's restrictions.

Plaintiff's Social Security Reply Brief is to a similar effect.  (Doc. 16) (hereinafter SS Reply).  In his reply, Plaintiff argued that the "ALJ did not reasonably assess the credibility of Plaintiff's subjective complaints."  (SS Reply 3) (citing Pl. SS Br. 9).  In his credibility argument, Plaintiff pointed out that "the ALJ disregarded the information provided by Plaintiff's Wife [sic]," and he asked the rhetorical question, "Why ask third parties to complete questionnaires if the information is going to be disregarded without cause other than being someone's spouse?" (SS Reply 3).  He explained that "Exhibit 1 to Plaintiff's brief [(Dr. Wolfe's 1997 restrictions)] was included to show what the pacemaker restrictions were from the onset in 1997."  Id.  Here, Plaintiff was reinforcing his claim of error in the credibility determination, he was not asserting an additional claim of error in evaluating his wife's opinion.

Perhaps Plaintiff's statement in his Reply Brief that the ALJ disregarded his wife's testimony, when considered in light of his questioning why a third party opinion is sought if it is to be disregarded without cause, could be construed liberally as an assertion that the ALJ erred in discounting his wife's report.  And, a pro se litigant's arguments are to be construed liberally.  Haines, 404 U.S. at 520-21; Travis, 565 F.3d at 1254.  But, that argument, even construed exceedingly liberally, was not made until Plaintiff filed his reply brief.  See, e.g., M.D. Mark, Inc. v. Kerr–McGee Corp., 565 F.3d 753, 768 n.7 (10th Cir.2009) (issues and arguments raised for the first time in a reply brief are waived).

Moreover, even if the argument was not waived for failure to assert it in Plaintiff's Social Security Brief, it was waived by Plaintiff's failure to develop the argument. Franklin Sav. Corp. v. U.S., 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are waived) (citing Sports Racing Servs., Inc. v. Sports Car Club of America, Inc. 131 F.3d 874, 880 (10th Cir. 1997) (dismissing claims never developed, with virtually no argument presented)).  In neither his Social Security Brief nor his Reply Brief did Plaintiff explain how the ALJ erred in weighing his wife's report, except to state that she "disregarded" it, and that "[s]he disregarded anything she chose without justification and explanation."  (Pl. SS Reply 3).  However, the ALJ did not disregard Plaintiff's wife's report, but as noted above, she specifically addressed the report and accorded it "little weight."  (R. 18).

While on every page of his motion to alter or amend judgment Plaintiff argues that the ALJ erred in weighing his wife's report, a motion to alter or amend judgment is not

the proper vehicle through which to "advance arguments that could have been raised in prior briefing." <u>Paraclete</u>, 204 F.3d at 1012.  Because Plaintiff could have, but did not, raise this alleged error in his earlier briefing, the court may not allow him the opportunity to present additional arguments until he eventually presents one which is successful.

Nonetheless, even if the court were to consider whether the ALJ erred in according "little weight" to Plaintiff's wife's opinion, it would not find error.  In Plaintiff's Reply Brief he argued that his wife's opinion was disregarded "without cause other than being [Plaintiff's] wife."  (SS Reply 3).  In his current motion, Plaintiff argues that his wife received her information by being familiar with and observing him and his condition (Pl. Mot. 1), and that the ALJ gave no justifiable explanation why his wife's opinion was not considered.  (Pl. Mot. 3).  He argues that the opinion was disregarded merely because it was from his spouse.  (Pl. Mot. 4, 5).

Plaintiff's argument misunderstands the ALJ's decision.  In her decision, the ALJ specifically considered the opinion presented by Plaintiff's wife in her third party function report.  (R. 18).  She accorded the opinion "little weight," and provided three bases for doing so.  (1) The opinion was "based on casual observation rather than objective medical and testing."  (2) It does not outweigh the accumulated medical evidence regarding Plaintiff's limitations resulting from his impairments.  (3) And, it suggests sleep problems exceeding those documented in the medical evidence.  (R. 18).  Although reason number one could be given regarding most, if not all, opinions from a spouse, the same cannot be said of reasons number two or three.  Plaintiff does not even

7

attempt to suggest error in those reasons.  The ALJ considered and explained the weight she accorded Plaintiff's wife's opinion.  Plaintiff has not shown error in that explanation.

In his motion to alter or amend judgment, Plaintiff again presses his arguments that the ALJ erred in weighing the medical source opinion of his physician's assistant, Ms. Yourdon; that the restriction imposed by Dr. Wolfe, in 1997 require remand for further consideration; that the ALJ substituted her lay opinion for that of a physician; that Ms. Yourdon's opinion should have been accorded greater weight because she was practicing under the supervision of Dr. Alvarez; that the ALJ erred in her step four evaluation of Plaintiff's past relevant work; and that the ALJ erred in her credibility determination.  In none of these arguments does Plaintiff demonstrate that the court misapplied the law or misunderstood Plaintiff's position.  Rather, he merely advances new arguments or supporting facts that were available at the time of the original application.  A rule 59(e) motion is not the proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."  Paraclete, 204 F.3d at 1012.

In his final Rule 59(e) argument, based upon the 1997 treatment notes of Dr. Wolfe which were attached to Plaintiff's Social Security Brief but not included in the administrative record before the Commissioner, Plaintiff asserts that the court "should order that additional evidence be taken before the Commissioner of Social Security pursuant to sentence six of 42 U.S.C. 405(g) upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate it into the

record." (Pl. Mot. 5).  However, in its Memorandum and Order affirming the Commissioner's decision, the court specifically addressed a possible sentence six remand based upon Dr. Wolfe's treatment notes, and considered whether they constituted new evidence which is material, and whether there is good cause for the failure to incorporate that evidence into the administrative proceedings before the Commissioner.  (Doc. 17, p.18).  The court concluded that a sentence six remand is not appropriate in this case because "Plaintiff has not shown good cause for the failure to obtain and present the evidence at the ALJ hearing in this case."  Id.  Plaintiff has not shown a basis to change that determination.

Plaintiff has not shown a change in controlling law, the availability of new evidence which could not have been presented to the court earlier, or clear error or manifest injustice in the court's earlier decision.  Therefore, his motion to alter or amend judgment shall be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter or Amend Judgment and/or to Amend or Make Additional Findings and/or to Set Aside Finding(s) and for New Trial (Doc 19) is DENIED.

Dated this 8th day of October 2015, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

9